ELECTRONICALLY FILED
2014-Jan-02 10:41:14
60CV-14-8
C06D16 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

**LEROY GILES, JR.**                                                                                                    PLAINTIFF

v.                                           CASE NO.: 60CV_____

**CONAGRA FOODS, INC.**                                                                              DEFENDANT

  Comes now the Plaintiff, by and through his attorneys, Dugger Law Firm, P.A., and for his Complaint against Defendant, states:

  1. Plaintiff is and at all relevant times hereto was a resident and citizen of Little Rock, Pulaski County, Arkansas.

  2. Defendant is a domestic corporation authorized to conduct business in the state of Arkansas and may be served through its registered agent for service of process, The Prentice-Hall Corporation System, 300 S. Spring St, Ste. 900, Little Rock, AR. 72201

  3. This case involves a claim for personal injuries and harm, arising out of an accident, which occurred February 21, 2012 in North Little Rock, Pulaski County, Arkansas. Accordingly, this Court has personal and subject matter jurisdiction and venue is proper in Pulaski County, Arkansas.

  4. On February 21, 2012, plaintiff was working for Orange County Container Group, Inc. at its recycling location in North Little Rock, AR. and was in the process of unloading a box trailer, often referred to as a "barrel" trailer, which had been loaded by and delivered from ConAgra. The contents of the trailer consisted of recyclable plastic products, including bales of plastic and cardboard, and plastic and metal barrels.

  5. As plaintiff was walking toward the back of trailer, suddenly, unexpectedly and without any warning whatsoever, a large bale of plastic, weighing in excess of 1000 pounds, fell


EXHIBIT A

from where it had been stacked during loading by ConAgra's employees and\or authorized representatives, striking plaintiff and severely injuring his lower left leg and knee. Following the accident, it was determined that the bale of plastic was not secured and had been stacked on top of much smaller barrels, which were of insufficient size to safely withstand its weight and bulk.

6. Plaintiff was employed as a general laborer at Orange County Container, through a temporary employment agency, PR Marketing, LLC. He had no prior experience loading trailers and only minimal experience unloading them. In addition to his lack of experience, he also had never received any instruction on or training related to or associated with loading and unloading cargo trailers, including those containing recyclables of the type and kind involved in the accident at issue. Accordingly, plaintiff justifiably and reasonably relied on ConAgra's employees to properly load the trailer, so that it could be safely transported to and unloaded at its destination.

7. Defendant, by and through its authorized agents, representatives and/or employees, was guilty of negligence which was the proximate cause of the above described accident and is therefore liable for all damages and injuries sustained by Plaintiff as set forth more fully herein.

8. Specifically, the negligence of Defendant's authorized agents, representatives and employees, which is imputed to Defendant, included but is not limited to, the following:

(a) Improperly loading the trailer with cargo herein described, so as to ensure it remained secure and did not present an unreasonable risk of harm during unloading;

(b) Failure to adhere to recognized industry standards and customs when loading the cargo in the trailer;

(c) Failure to adequately and appropriately train its employees in proper loading of cargo and of potential risks and consequences of improper loading;

(d) Failure to secure the cargo in a proper and safe manner in order to prevent shifting during transport and ensure it could be safely unloaded at its destination;

(e) Failure to insure employees loading trailers were properly supervised with regard to loading activity so as to insure appropriate and adequate safety precautions were followed; and

(f) Failure to exercise ordinary care under the circumstances and other acts of negligence to be ascertained during the course of discovery.

9. As a direct and proximate result of the negligence of Defendant's agents, representatives and/or employees, which would be imputed under the theory of respondeat superior to Defendant, Plaintiff has suffered serious and permanent injuries; has incurred medical expenses in the past and will likely incur medical expenses in the future; has experienced pain, suffering and mental anguish in the past and will continue to experience the same in the future; has experienced a loss of earning in the past and will continue to do so in the future; has experienced a decreased earning capacity which will continue into the unknown future, all to his damage in an amount in excess of that necessary to confer subject matter jurisdiction in Federal District Court in diversity of citizenship cases.

WHEREFORE, Plaintiff LeRoy Giles, Jr. prays as follows:

(1) For trial by jury of all controverted issues of facts set forth herein;

(2) For general and special damages in excess of that required for federal jurisdiction in diversity actions, the total amount of which is to be proven at time of trial and determined by a jury;

3

(3)   For all costs to which he may be entitled under Arkansas law; and

(4)   For such other and further relief as is just and proper.

                            Respectfully submitted,

                            DUGGER LAW FIRM, P.A.
                            5208 Kavanaugh Blvd., Suite 5
                            Little Rock, AR  72207
                            (501) 664-0900
                            (501) 663-8111 *facsimile*
                            *tdugger@razorbackjustice.com*

BY:   /s/ Terry D. Dugger
        TERRY D. DUGGER ABN 95240